UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVAN GIBBS, | ) |
| Plaintiff, | ) Case: 1:22-cv-06512 |
| v. | ) |
| JOLIET STAFFING LLC, | ) |
| AND | ) Jury Trial Demanded |
| WORLD CLASS DISTRIBUTION, INC. | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Devan Gibbs ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Joliet Staffing LLC and World Class Distribution, Inc. (collectively "Defendants"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §2000e *et seq*. ("Title VII") to correct unlawful employment practices on the basis of race and to provide appropriate relief to Plaintiff who was adversely impacted by such practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern

Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendants operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. At all relevant times, Defendants, Joliet Staffing and World Class Distribution, have continuously been under contract for services rendered in Illinois, and have continuously been a joint employer, under which both Defendants generally controlled the terms and conditions of the employment of Plaintiff.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

6. A charge of employment discrimination on basis of race discrimination and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (attached hereto as Exhibit "A").

7. Both Joliet Staffing and World Class Distribution were on notice of the Charge.

8. Notification of the Right to Sue was issued by the EEOC. (attached hereto as Exhibit "B") and this Complaint was filed within the 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

## THE PARTIES

9. The Plaintiff, Devan Gibbs, (African-American) was hired at Joliet Staffing LLC as a maintenance worker on or about October 16, 2021.

10. At all times material to the allegations in this Complaint, Defendant, Joliet Staffing, LLC is a limited liability company doing business in and for Grundy County, Illinois,

whose principal address is 422 W Mandamin Street Minooka, IL 60447.

11. At all times relevant, Plaintiff was employed and worked at World Class Distribution, Inc. address is at 1050 Cargo Ct, Minooka, IL 60447, which is in Grundy County, Illinois.

12. Joliet Staffing operates a staffing agency for and World Class Distribution in this judicial district.

13. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

14. Plaintiff contends that both Defendants controlled his terms and conditions of employment.

15. During the applicable limitations period, Defendants has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

16. Devan Gibbs, was hired by Defendants. as a maintenance worker on or about October 16, 2021.

17. Since at least October 16, 2021 through the present, Defendants subjected Plaintiff to different terms and conditions of employment than others not within their protected class and has subjected Plaintiff to a hostile work environment on the basis of his race violating Section 1981 and Title VII.

18. Plaintiff identifies as an African American (race) whom Defendant subjected to different terms and conditions of employment than others not within their protected class.

19. Plaintiff is a member of a protected class because of their race (African American).

20. Plaintiff consistently met Defendant's legitimate job expectations.

21. Plaintiff suffered multiple adverse employment actions including, but not limited to loss of overtime.

22. Plaintiff was discriminated on the basis of race by not being offered overtime at the same rate as his fellow Caucasian similarly situated co-workers

23. African-Americans, including the Plaintiff, are continually denied overtime while non-African-Americans are allowed to work overtime.

24. The Plaintiff is sent home when the employer sees him working overtime but none of the non-African-American coworkers are sent home for working overtime.

25. After reporting this to Human Resources ("HR"), Defendant retaliated against the Plaintiff by falsely accusing him of stealing time.

26. Furthermore, Plaintiff is been subjected to racial segregation during lunch

27. Plaintiff is not allowed to eat in certain areas of the warehouse where non-African-American coworkers are allowed to eat.

28. Plaintiff also needed to seek approval from his supervisor to take lunch even though non-African-American coworkers do not need to seek this approval before taking their lunches.

29. If the supervisor cannot be reached because he is too busy, Plaintiff has to wait an unknown amount of time before taking his lunch.

30. None of the non-African-American coworkers have to delay their lunches due to the supervisor's schedule.

31. Plaintiff is held to a different standard than non-African-American coworkers, restricted from eating in areas that non-African-American co-workers are not restricted from eating in, and was falsely accused of stealing time in retaliation for complaining of discrimination.

32. As a result of Plaintiff's employer's failure to protect him from the discrimination and harassment he continued to be subjected to, Plaintiff is not allowed to work overtime in the amount comparable to non-African Americans.

33. Furthermore, Plaintiff was specifically told to stop complaining about racial issues because he was creating a problem.

34. This chilling effect created Plaintff to suffer from further emotional stress.

35. Plaintiff's race was the direct and indirect cause of the harassment.

36. Plaintiff can show that they engaged in statutorily protected activity –a necessary component of his retaliation claim- because Plaintiff lodged complaints directly to their supervisor about the discrimination he was subjected to.

37. Other similarly situated individuals who were not in Plaintiff's protected class and who did not engage in statutorily protected activity were treated more favorably because he was told to do the dishes in retaliation for complaining of racial discrimination.

38. Plaintiff is able to show that he participated in protected activity under Title VII and that Defendant retaliated against him for doing so.

## COUNT I
**Demand for Relief for Race-Based Discrimination in Violation of 42 U.S.C. Section 1981**

39. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

40. Section 1977 of the Revised Statutes, 42 U.S.C. § 1981, as amended, guarantees persons of all races, colors, and national origin the same right to make and enforce contracts, regardless of race, color, or national origin. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

5

41. Defendant's conduct against Plaintiff's race amounts to a pattern or practice of systemic race discrimination that constitutes illegal race discrimination in violation of 42 U.S.C. Section 1981.

42. Plaintiff was subjected to and harmed by Defendant's systemic and individual discrimination.

43. Defendant's unlawful conduct resulted in considerable harm and adverse employment actions to Plaintiff and is entitled to all legal and equitable remedies under Section 1981.

44. Plaintiff demands this count be tried by a jury.

## COUNT II
**Demand for Relief for Race-Based Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e,** *et seq.*

45. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

46. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on their race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

47. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

48. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

49. By reason of Defendant's discrimination, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

50. Plaintiff demands that this count be tried by a jury.

## COUNT III
### Demand for Relief for Race-Based Hostile Work Environment in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

51. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant discriminated against, harassed, and subjected Plaintiff to a hostile work environment based on their race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

53. Defendant's severe and pervasive conduct toward Plaintiff was objectively and subjectively offensive, in violation of Title VII of the Civil Rights Act of 1964.

54. As a direct and proximate result of the above-alleged willful and reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

55. At all relevant times, Defendant was aware of the aforementioned race-based harassment and hostile work environment, yet Defendant took no action to remedy the unlawful race-based harassment and hostile work environment.

56. By reason of Defendant's harassment, Plaintiff has suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

57. Plaintiff demands that this count be tried by a jury.

## COUNT IV
### Demand for Relief for Retaliation in Violation of 42 U.S.C. §2000e, *et seq*.

58. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

59. By virtue of the foregoing, Defendant retaliated against Plaintiff based on their reporting the race-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

60. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless

violation of Title VII.

61. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

62. By reason of Defendant's retaliation, Plaintiff suffered severe harm, and is entitled to all legal and equitable remedies under Title VII.

63. Plaintiff demands that this count be tried by a jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   a. Damages sufficient to compensate Plaintiff for her injuries;

   b. Back Pay;

   c. Emotional Distress Damages;

   d. Pre-judgment and post-judgment interest;

   e. Punitive damages;

   f. Reasonable attorney's fees;

   g. An award of litigation costs and expenses; and

   h. Any and all other relief that this Honorable Court may deem just and equitable.

Dated this 21st day of November 2022.

/s/ *Nathan C. Volheim*
**Nathan C. Volheim, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ *Chad W. Eisenback*
**Chad W. Eisenback, Esq.**
Sulaiman Law Group Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*